UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

L & L PROPERTIES IV, LLC         *          CIVIL ACTION

VERSUS                           *          NO: 07-1374

VIDA HEPBURN                     *          SECTION: "D"(4)

## ORDER AND REASONS

Before the court is the **"Motion to Remand"** filed by Plaintiff, L & L Properties IV, LLC. Defendant, Vida Hepburn, filed a memorandum in opposition. The motion, set for hearing on Wednesday, April 25, 2007, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be denied.

Plaintiff seeks remand arguing that the amount in controversy does not exceed $75,000.00, and in support of this argument Plaintiff attached an Affidavit of Stipulation and Renunciation executed by Brian LeBourgeois, a member of L & L Properties. However, the court finds that it is facially apparent from the state-court Petition that the amount in controversy exceeds

$75,000.00, and thus the court does not consider Plaintiff's post-removal affidavit.[1]

In Paragraph 10 of the Petition, Plaintiff seeks the following damages which Plaintiff alleges it "has suffered and continues to suffer": **"Delays in completion of the Blue Marlin Condominiums, which will presently exceed thirty (30) days at a cost of $1,500,00 per day plus interest and Overhead;"** escalation of construction cots; legal expenses; costs for additional surveys; travel expenses; inconvenience and damage to reputation. (Petition at ¶10, emphasis added). Further, in Paragraph 11, Plaintiff seeks "recovery of **treble damages**, attorneys' fees and costs" under the Louisiana Unfair Trade Practices Act, LSA-R.S.51:1409. (Petition at ¶11, emphasis added).

Multiplying $1,500 by 30 days totals $45,000. When that amount is trebled, the amount claimed for that element of damages alone equals $135,000. Because jurisdictional facts supporting removal are examined as of the time of the removal, the court rejects Plaintiff's argument that the inclusion of the word "treble" in its Petition was simply a "drafting error" and that the Petition does not contain any factual allegations that would allow

---

[1] Louisiana Code of Civil Procedure 893(A)(1) requires that a Plaintiff allege in its prayer that its claims are for less than the jurisdictional amount required for removal. Here, L & L Properties failed to state in its prayer for relief that its claims are less than the jurisdictional amount for removal.

the recovery of treble damages.[2]

Accordingly;

**IT IS ORDERED** that Plaintiff's **"Motion to Remand"** be and is hereby **DENIED**.

New Orleans, Louisiana, this **2nd** day of **May, 2007.**

                                        A.J. McNAMARA
                       UNITED STATES DISTRICT JUDGE

---

[2] Citing the notice provision of LSA-R.S. 51:1409(A), Plaintiff contends that there are no facts in the Petition alleging that Defendant received notice by the attorney general and there are no allegations that Defendant knowingly used unfair and deceptive trade practices after receiving such notice. (Plaintiff's Reply Memo. at pp. 2-3).