```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

L & L PROPERTIES IV, LLC      *        CIVIL ACTION

VERSUS                        *        NO: 07-1374

VIDA HEPBURN                  *        SECTION: "D"(4)
```

### ORDER AND REASONS

Before the court is the **"Motion to Dismiss for lack of Personal Jurisdiction and Alternatively to Dismiss for *Forum Non Conveniens"*** filed by Defendant, Vida Hepburn. Plaintiff, L & L Properties IV, LLC (L&L), filed a memorandum in opposition. The motion, set for hearing on Wednesday, May 23, 2007, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be denied.

In its Petition for Damages (removed to this court from state court), Plaintiff L&L alleges that it is a limited liability company organized under the laws of Louisiana. Plaintiff further alleges that:

L&L Properties owns immovable property on

>Grand Bahama Island.
>
>L&L Properties entered a contract with several contractors ... to build a multimillion dollar, 30 unit condominium and marina complex (hereinafter referred to as the "Blue Marlin Condominiums" or "Blue Marlin" on said immovable property.
>
>After construction commenced by Contractors, Defendant has, on numerous occasions, attempted to extort the members of L&L Properties in New Orleans, Louisiana. In particular, Defendant has contacted the members of L&L Properties at their offices in New Orleans, Louisiana, seeking to extort a commitment for an exclusive long term lease to a portion of the Blue Marlin at no cost. In order to extort this unwarranted concession, Defendant has used and/or threatened to use his "Daddy's political influence" to halt all construction of the Blue Marlin Condominiums. When the members of L&L Properties refused this unauthorized and otherwise inappropriate demand, Defendant additionally threatened members of L&L Properties with great bodily harm.

(*See* Petition for Damages, at ¶¶5-7).[1]

L&L Properties alleges that Defendant's attempts to extort the members of L&L Properties in New Orleans, Louisiana, violate the Louisiana Unfair Trade Practices Act. (Petition at ¶11).[2]

---

[1] L&L Properties also alleges that: Defendant has intentionally and maliciously interfered and/or impeded the construction contract between Contractors and L&L Properties, without any reasonable justification; and Defendant has maliciously made false statements to purposely interfere with and/or impeded with Contractors' construction of the Blue Marlin Condominiums. (*See* Petition for Damages at ¶¶8-8).

[2] L&L Properties also alleges that Defendant's alleged intentional interference with the construction contract between Contractors and L&L Properties, as well as Defendant's alleged defamation of L&L Properties and

In his Motion to Dismiss for lack of Personal Jurisdiction, Defendant Vida Hepburn attests that he is a citizen of the Bahamas, and he maintains that this court lacks personal jurisdiction (specific and general) over him. At the outset, the court agrees that the court lacks general jurisdiction over Defendant because there is no showing that Defendant's contacts with Louisiana are continuous and systematic. However, as the court next discusses, the court finds that it has specific jurisdiction over Defendant.

In support of his argument that the court lacks specific (personal) jurisdiction, Defendant has submitted his Affidavit in which he attests in part:

> My only contact with the State of Louisiana is a **single telephone call** to Frank Levy at his telephone number in the State of Louisiana to discuss the progress of the construction of the Blue Marlin Condominiums, a project undertaken by L&L Properties IV, LLC in the Bahamas with my assistance, and related matters. During this telephone conversation, which was quite brief, I did not negotiate or enter into a contract or agreement. The purpose of the call was to inquire about the status of matters in the Bahamas having to do with the Blue Marline Condominiums.

(Hepburn Affidavit at ¶ 15, emphasis added).[3]

---

its members violate the Louisiana Unfair Trade Practices Act. (Petition at ¶11).

[3] Defendant also attests that:

> All negotiations regarding my rendering assistance to L&L Properties IV, LLC concerning the Blue Marlin

3

However, Plaintiff has submitted the competing Affidavit of Brian LeBourgeois, who attests that he (and Frank Levy) are members of L&L properties, and that:

> After construction began on the Blue Marlin Condominiums, Hepburn made **several telephone calls to the members of L&L Properties in New Orleans, Louisiana**, including three calls on a single day.  Each call made on this date was initially answered by Sandy Miller ("Miller"), who works for me in New Orleans as the office administrator.  On two of the three occasions when Hepburn called on this day, Miller transferred the call to me.  Miller transferred the other call to Levy.
>
> In my conversations with Hepburn on this date, Hepburn pressed for a commitment from L&L Properties for an exclusive long-term and virtually rent-free lease to a portion of the Blue Marlin marina for his use and/or the use

---

> Condominiums were conducted in the Bahamas, the resulting agreement was confected in the Bahamas, and all rights and obligations arising from the agreement were to be performed in the Bahamas.  There were no telephone calls to Louisiana or electronic or regular mail communications with persons located in Louisiana as a part of the negotiation or confection of the agreement.

(Hepburn Affidavit at ¶16).  The "agreement" to which Defendant refers is unclear to the court.

In its Petition, L&L Properties alleges that "no contractual obligation of any kind has ever existed in any way between Defendant and L&L Properties and/or Blue Marlin."  (Petition at ¶9).  And Brian LeBourgeois attests that:

> After ... negotiations failed to produce an agreement to Hepburn's liking, he has systemically threatened the members of L&L Properties on numerous occasions to impede or halt construction of the Blue Marlin Condominiums, all of which have caused considerable economic harm to l7L Properties.

(LeBourgeios Affidavit at ¶8).

>of the Bootle Bay Fishing Lodge, which is adjacent to the Blue Marlin Condominiums. To coerce L&L Properties to accede to his demands, Hepburn threatened to use his "Daddy's political influence" to halt all construction of the Blue Marlin Condominiums. Further, Hepburn stated that he would actively discourage any potential buyers of the Blue Marlin Condominiums. I believed at that time that it would be in the best interest of L&L Properties and the surrounding condominium community to try to work out a deal with Hepburn and thus maintain peace and harmony between neighbors.
>
>Thereafter, over the course of approximately one year, Hepburn contacted me **via telephone several times at my office in New Orleans**, Louisiana, to discuss the terms of his use of the marina. As a result of these discussions, I drafted a lease agreement in New Orleans, which I then sent to an attorney in the Bahamas for review and to complete negotiations with Hepburn.
>
>Despite the fact that the agreement only called for a nominal payment of only ten Bahamian dollars per year for the use of substantial space in the marina, Hepburn balked at the insurance and indemnity provision in the proposed agreement. As is customary in such arrangements, L&L Properties wanted to be protected against any claims arising out of Hepburn's marina-related activities. When L&L Properties refused to remove the insurance and indemnity provision from the agreement, Hepburn renewed his prior threats to cause harm to L&L Properties' business venture and began concerted efforts to harm L&L Properties.

(LeBourgeois Affidavit at ¶¶4-7, emphasis added).

   Plaintiff also attached to its opposition memorandum, the

Affidavit of Sandy Miller, who attests in part:

> I work as an administrator for Brian LeBourgeois ("LeBourgeois") and Frank Levy ("Levy") in New Orleans, Louisiana, who are both members of L&L Properties IV, LLC.
>
> While working for LeBourgeois and Levy in New Orleans, Louisiana, I accepted several phone calls from Hepburn, including three (3) calls in a single day. I initially answered each call. On two (2) of the three (3) occasions when Hepburn called on this day, I transferred the call to LeBourgeois. I transferred the other call to Levy.
>
> Thereafter, Hepburn called on several occasions over the course of a year, and each time he called, I transferred his call to LeBourgeois.

(Miller Affidavit at 2-4).

In determining whether a *prima facie* case for personal jurisdiction exists, the court construes the conflicts in the parties' competing affidavits in Plaintiff's favor,[4] and the court concludes that Defendant's telephone calls to members of L&L Properties in New Orleans, Louisiana, are directly related to Plaintiff's claim that "Defendant's attempts to extort the members of L&L Properties in New Orleans, Louisiana, ... violate the Louisiana Unfair Trade Practices Act." (Petition at ¶11). Thus, the court finds that there are the requisite minimum contacts for

---

[4] *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F. 3d 415, 418 n. 3 (5th Cir.)

this court to exercise specific jurisdiction over Defendant.[5]  And the court also concludes that the exercise of specific jurisdiction over Defendant does not offend the notions of fair play and substantial justice.  While Defendant may have a burden in litigating in Louisiana, that burden is outweighed by Louisiana's compelling interest in protecting its citizens from threats of economic and physical harm, and the Plaintiff's interest in convenient and effective relief.

Finally, the court rejects Defendant's alternative argument that this matter should be dismiss based on *forum non conveniens*.  Defendant argues that the Bahamas is an available and adequate forum, but the viability of Plaintiff's cause of action under the Louisiana Unfair Trade Practices Act in the Bahamas is too tenuous to support this argument.[6]  Further, a review of the private and public factors (set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)) do not clearly point to a Bahamas forum.

Accordingly;

---

[5] The court also finds that Plaintiff's allegations of Defendant's tortious acts (defamation and interference with a contract) committed in the Bahamas, were directed at harming L&L Properties, a Louisiana based limited liability company.  As the Fifth Circuit has stated, "Even an act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct."  *Guidry v. United States Tobacco Company, Inc.*, 188 F.3d 619, 628 (5th Cir. 1999).

[6] Nothing herein should be construed as an indication of the merits of Plaintiff's claim under the Louisiana Unfair Trade Practices Act.

7

**IT IS ORDERED** that Defendant's **"Motion to Dismiss for lack of Personal Jurisdiction and Alternatively to Dismiss for *Forum Non Conveniens"*** be and is hereby **DENIED**.

New Orleans, Louisiana, this **23rd** day of **May**, **2007**.

                                                                  _____
                                                                            A.J. McNAMARA
                                                                  UNITED STATES DISTRICT JUDGE